Tracie Childs CA Bar No. 190806
tracie.childs@ogletree.com
Katie M. Greenbaum CA Bar No. 312379
katie.greenbaum@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendant
SPARTAN EDUCATION GROUP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA RUEDA, an individual,<br><br><br>Plaintiff,<br><br>v.<br><br>SPARTAN EDUCATION GROUP, LLC, a Delaware Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Declaration of Tracie Childs; and Declaration of Robert Polston]*<br><br>Complaint Filed: October 19, 2022<br>Removed: |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND PLAINTIFF'S ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant SPARTAN EDUCATION GROUP, LLC (hereinafter referred to as "Defendant") removes the above-entitled action from the Superior Court of the State of California, County of Riverside to the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. section 1446 on the following grounds: This District Court has original jurisdiction of this civil action because: (1) the matter in controversy is between citizens of different States; and (2) is greater than $75,000, exclusive of interest and costs. The action is therefore removable under 28 U.S.C. sections 1332, 1441(a), and 1441(b). The circumstances justifying removal jurisdiction are set forth in detail below. The facts stated herein were true when Plaintiff filed her Complaint and remain true as of the date of filing of this Notice of Removal.

## I.    THE STATE COURT ACTION

On October 19, 2022, Plaintiff Veronica Rueda ("Plaintiff") filed her Complaint in the Superior Court of the State of California, County of Riverside, entitled *Veronica Rueda, an individual v. Spartan Education Group, LLC, a Delaware Limited Liability Company; DOES 1 through 25, inclusive* (hereinafter referred to as the "Action"). The Action was assigned Case No. CVRI2204514. A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Case Management Conference, Alternative Dispute Resolution – Information Package, and Notice and Acknowledgment of Receipts, which constitute all process, pleadings, and notices served upon Defendant in this Action, are attached hereto as **Exhibit A**.

## II.    REMOVAL IS TIMELY

Counsel for Defendant first received a copy of Plaintiff's Complaint on October 28, 2022. (Declaration of Tracie Childs (hereinafter "Childs Decl."), at ¶ 2.) The Notice of Removal is therefore timely as served "within 30 days after the receipt by

the defendant…of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1441(b)(1).

### III.    REMOVAL IS PROPER

####    A.    Complete Diversity Exists

1.    Sufficient party diversity exists in this matter. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendant is informed and believes that Plaintiff was, at the time she filed the Action on October 19, 2022, and still is, a citizen of the State of California, domiciled and residing in California, with no intent to leave California. This is based on the fact that Plaintiff pleads in her Complaint that she "was and is a resident of the County of Riverside, State of California." (Plaintiff's Complaint, included in Exhibit A, at ¶ 1.) This is also supported by the fact that Plaintiff reported to work for Defendant in the state of California. (Plaintiff's Complaint at ¶ 10 ["Plaintiff began working for [Defendant] as an Admissions Representative in Riverside, California."].)

2.    Defendant Spartan Education Group, LLC currently is, and at the time of the filing of this Action, was a limited liability company incorporated under the laws of the State of Delaware, with its principal place of business in Texas. (See Declaration of Robert Polston (hereinafter "Polston Decl."), at ¶ 2.)

3.    The members of Defendant Spartan Education Group, LLC are Jeff Keith, Peter Harris, and Sterling Partners Small Market Growth 2009, L.P. (Polston Decl., at ¶ 3.) Jeff Keith is a citizen and resident of Indiana, and Peter Harris is a citizen and resident of Texas. (Polston Decl., at ¶¶ 4-5.) Sterling Partners Small Market Growth 2009, L.P. has no owners or members that are citizens of the State of California. (Polston Decl., at ¶ 6.) Thus Defendant Spartan Education Group, LLC is considered a citizen of Indiana and Texas, but not California. *D.B. Zwirn Special*

*Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-126 (1st Cir. 2011) [citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company]; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 [partnerships are treated as a citizen of each state of which its members are citizens].

4.   The other defendants in this Action are fictitiously named, designated as DOES 1 to 25, and their citizenship shall not be considered in determining diversity jurisdiction. 28 U.S.C. § 1441(a).

5.   Plaintiff is therefore a citizen of a different state than all defendants, and complete diversity exists. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. section 1332(a)(1), and the action is properly removable under section 1441(a).

**B.   Amount in Controversy Exceeds Federal Jurisdictional Minimum**

Specifically, Plaintiff's Complaint pleads a monetary judgment "believed to be in excess of $500,000" for both compensatory damages and mental and emotional distress damages. (Plaintiff's Complaint, Exhibit A, at p. 15.) As such, the amount in controversy, exclusive of interest and costs, is greater than $75,000. 28 U.S.C. § 1446(c)(2)(A)(ii).

**IV.   THIS IS THE CORRECT VENUE**

The Superior Court of California, County of Riverside is located within the Central District of California, Eastern Division. 28 U.S.C. § 84(c)(1). Venue is proper in this Court because it is the district and division embracing where the Action is pending. 28 U.S.C. §§ 1441(a), 1446(a).

**V.   APPROPRIATE NOTICE PROVIDED**

In accordance with 28 U.S.C. section 1446(d), promptly after filing this Notice of Removal, Defendant will give separate written notice to all adverse parties and shall file a copy of said notice with the clerk of the Superior Court of California, County of Riverside. (Child Decl., ¶ 3.)

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

## VI.  CONCLUSION

Defendant satisfied all requirements for removal of this Action. First, pursuant to 28 U.S.C. section 1446(a), Defendant prepared and will file this Notice, which contains a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and notices served upon Defendant in this action. See Exhibit A. In accordance with 28 U.S.C. section 1446(b), this Notice of Removal was filed within 30 days after Defendant received the Complaint. Per 28 U.S.C. section 1446(d), Defendant will provide notice of this removal to Plaintiff through her attorney of record. Lastly, as required by 28 U.S.C. section 1446(d), Defendant will file a copy of the notice with the clerk of the Superior Court of California, County of Riverside.

In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests the Court issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

WHEREFORE, Defendant removes the above-referenced action to this Court.

DATED: November 28, 2022          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Tracie Childs*
Tracie Childs
Katie M. Greenbaum

Attorneys for Defendant
SPARTAN EDUCATION GROUP, LLC